
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff-Appellee,<br><br>v.<br><br>ROBERT COTA, Jr.,<br><br>Defendant-Appellant. | No. 15-50248<br><br>D.C. No.<br>3:11-cr-04153-WQH-10<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Southern District of California
William Q. Hayes, District Judge, Presiding

Argued and Submitted May 11, 2017
Pasadena, California

Before: PREGERSON and FRIEDLAND, Circuit Judges, and DONATO,**
District Judge.

Robert Cota, Jr. appeals from his conviction and sentence of 240 months in

prison after a jury trial on a charge of conspiracy to distribute methamphetamine,

in violation of 21 U.S.C. §§ 841(a)(1) and 846. Cota makes several challenges to

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable James Donato, United States District Judge for the
Northern District of California, sitting by designation.

the district court's denial of his pre-trial motion to suppress wiretap evidence. As the parties are familiar with the facts, we do not recount them here. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1.     We reject Cota's argument that the wiretap affidavits did not contain a "full and complete statement" of facts, as required by 18 U.S.C. § 2518(1)(c), because they included boilerplate language and lacked particularity. In reviewing a district court's decision on a motion to suppress wiretap evidence, we review de novo whether the warrant affidavit contained "a full and complete statement as to whether or not other investigative procedures have been tried and failed or why they reasonably appear to be unlikely to succeed if tried or to be too dangerous." 18 U.S.C. § 2518(1)(c); *see United States v. Christie*, 825 F.3d 1048, 1066 (9th Cir. 2016). The warrant affidavit "must contain more than 'boilerplate conclusions that merely describe inherent limitations of normal investigative procedures.'" *Christie*, 825 F.3d at 1068 (quoting *United States v. Blackmon*, 273 F.3d 1204, 1210 (9th Cir. 2001)). However, some boilerplate language is not fatal, as we evaluate "the level of detail in the affidavit as a *whole*, rather than piecemeal." *United States v. Rodriguez*, 851 F.3d 931, 942 (9th Cir. 2017) (internal quotation marks omitted) (quoting *Christie*, 825 F.3d at 1068).

2

Although the affidavits in this case do contain some impermissible boilerplate language and generalities about the limitations of traditional investigative techniques, there was sufficient detail in the affidavits as a whole. *See id.* at 942-43. The affidavits discuss more than ten categories of traditional investigative techniques that had been tried and failed or reasonably appeared unlikely to achieve the goals of the investigation. The affidavits include specific examples of how traditional techniques could only take law enforcement agents so far, especially when it came to identifying conspirators and understanding the narcotics distribution network. "In light of the many assertions that are supported by specific probative facts, the few conclusory statements . . . do not render the affidavit[s]—read in [their] entirety in a practical and commonsense fashion—invalid under §2518(1)(c)." *United States v. Commito*, 918 F.2d 95, 98 (9th Cir. 1990).

2.     We also reject Cota's contentions that the July 2011 affidavit did not contain a "full and complete statement" of facts, and that Cota was at least entitled to a *Franks* hearing, based on the government's failure to mention Cota's Fourth Amendment search waiver ("Fourth waiver"). To obtain a *Franks* hearing, a defendant "must make a preliminary showing that the wiretap application[] contained material misrepresentations or omissions." *United States v. Gonzalez,*

3

*Inc.*, 412 F.3d 1102, 1110 (9th Cir. 2005). Reviewing the district court's denial of a *Franks* hearing de novo, *Christie*, 825 F.3d at 1069, we hold that the district court did not err. First, Cota has not sufficiently established that the government acted deliberately or recklessly in failing to mention the Fourth waiver. *See Rodriguez*, 851 F.3d at 940-41; *see also Gonzalez, Inc.*, 412 F.3d at 1111 (requiring defendant to make a "substantial showing that supports a finding of intent or recklessness"). Second, Cota also failed to demonstrate that the government's omission of the Fourth waiver was material. The Fourth waiver would not have affected the issuing court's finding of necessity because the affidavit explained that physical searches would have been unproductive and potentially harmful to the investigation. *See Rodriguez*, 851 F.3d at 941. For the same reason, the omission of the Fourth waiver from the affidavit does not lead to the conclusion that the affidavit did not include a full and complete statement of facts. *See id.*

3. We also reject Cota's argument that the wiretap applications did not demonstrate necessity for a wiretap, as required by 18 U.S.C. § 2518(3)(c). After determining that a wiretap application contains a full and complete statement of facts, a court may only approve the application if it finds that "normal investigative procedures have been tried and have failed or reasonably appear to be unlikely to

4

succeed if tried or to be too dangerous." 18 U.S.C. § 2518(3)(c). We review for abuse of discretion the issuing court's finding that a wiretap was necessary under § 2518(3)(c). *Christie*, 825 F.3d at 1066. The issuing court has "considerable discretion in finding necessity, particularly when the case involves the investigation of a conspiracy." *United States v. Reed*, 575 F.3d 900, 909 (9th Cir. 2009). Based on the affidavits' thorough discussion of the investigation, including the goals of the investigation and the information sought via wiretap, and in light of the inability of traditional techniques to ferret out the sort of evidence sought in this conspiracy investigation, the issuing courts did not abuse their discretion in finding necessity for the wiretaps here.

4. Finally, we reject Cota's argument that his Sixth Amendment right was violated when the district court found the fact of Cota's prior felony conviction, which served to enhance his sentence under 21 U.S.C. § 851. In *Almendarez-Torres v. United States*, the Supreme Court held that the fact of a prior conviction used to enhance a sentence is a sentencing factor and not an element of the offense that must be decided by a jury. 523 U.S. 224, 247 (1998). Therefore, the district court's application of § 851 to enhance Cota's sentence did not violate Cota's Sixth Amendment right.

**AFFIRMED.**

5